Filed 2/2/22  P. v. Carlstrom CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>STEPHEN PAUL CARLSTROM, JR.,<br><br>    Defendant and Appellant. | G059738<br><br>(Super. Ct. No. 06CF3677)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Sheila F. Hanson, Judge.  Reversed and remanded.  Request for judicial notice granted.

Robert J. Beles and Joseph L. Ryan for Defendant and Appellant.

Rob Bonta, Attorney General, Julie L. Garland, Senior Assistant Attorney General, Daniel Rogers and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

Several inmates in Theo Lacy Jail in the City of Orange beat an inmate to death because they believed he was a child molester. A jury convicted Stephen Paul Carlstrom, Jr., and four codefendants of second degree murder. We upheld the conviction in *People v. Guillen* (2014) 227 Cal.App.4th 934 (*Guillen*).

On May 10, 2019, Carlstrom filed a petition to vacate his conviction pursuant to Penal Code section 1170.95.[1] The trial court denied the petition without issuing an order to show cause (OSC). In this appeal, Carlstrom alleges this ruling was erroneous because he was entitled to relief and the court improperly relied on the prior appellate opinion (*Guillen*) as being part of the record of conviction. The Attorney General (AG) concedes Carlstrom's petition for resentencing stated a prima facia case that he was potentially eligible for relief, and therefore, the ruling should be reversed. We accept the AG's concession and reverse the order and remand the matter to the trial court with directions to issue an OSC.

FACTS

We incorporate by reference the detailed summary of facts set forth in *Guillen, supra,* 227 Cal.App.4th 934. Simply stated, in 2011 a jury determined Carlstrom was guilty of second degree murder (§ 187, subd. (a)), and the trial court sentenced him to 15 years to life in prison.

In May 2019, Carlstrom filed a petition to vacate his murder conviction and for resentencing under section 1170.95. The petition alleged, "One of the three prosecution theories of liability for [Carlstrom] submitted to the jury was 'aiding and abetting—natural and probable consequences' . . . '[and t]he record does not disclose which theory the jury relied on in convicting'" him. Carlstrom argued he was eligible under section 1170.95 to have his second degree murder conviction vacated.

---

[1] All further statutory references are to the Penal Code.

2

The trial court appointed counsel and held a hearing at which it denied Carlstrom's petition for resentencing without issuing an OSC. The court determined the Court of Appeal in the *Guillen* opinion held there was sufficient evidence supporting the conviction and the mental component of malice. "In light of the appellate court's finding of sufficient evidence to sustain a second degree murder conviction based upon a still viable theory of liability, this [c]ourt finds defendant is not eligible for relief and denies defendant's petition for resentencing."

## DISCUSSION

Section 1170.95, subdivision (a), provides, in relevant part, "A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts . . . ." Under section 1170.95, if the petitioner makes a prima facie showing, the court must issue an OSC and, absent a waiver and stipulation by the parties, hold a hearing to determine whether to vacate the murder conviction, recall the sentence, and resentence the petitioner. (§ 1170.95, subds. (c), (d)(1).) A prima facie showing under section 1170.95 requires all of the following: (1) an accusatory pleading was filed against the petitioner allowing the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; (2) he or she was convicted of first or second degree murder following a trial, or accepted a plea offer to first or second degree murder in lieu of trial, at which he or she could have been so convicted; and (3) that he or she could not be convicted of first or second degree murder due to the amendments to sections 188 and 189. (§ 1170.95, subd. (a)(1)-(3).)

The AG concedes the petition was factually sufficient and Carlstrom, therefore, satisfied the first of what the AG described as a two-step prima facie showing under section 1170.95, subdivision (c). Our Supreme Court recently resolved a split of

3

authority, holding section 1170.95, subdivision (c) describes "only a single prima facie showing. [Citations.]" (*People v. Lewis* (2021) 11 Cal.5th 952, 962 (*Lewis*).)

However, for purposes of this opinion, this legal development is not relevant because ultimately the AG concedes the record and petition supported issuance of an OSC. Specifically, the AG recognized the court could not say, as a matter of law, Carlstrom was ineligible for relief because the district attorney argued, and the court instructed the jury on, several theories of guilt for second degree of murder, some of which did not survive the changes to section 188 and 189. Given that the jury returned a general verdict without making special findings, it is possible the jury found Carlstrom guilty under a natural and probable consequences theory. We have reviewed the record and accept the AG's concession the matter must be reversed and remanded.[2]

On a final note, the *Lewis* decision resolved the parties' dispute about whether the trial court should have considered the *Guillen* opinion as part of the record of conviction. "Appellate opinions . . . are generally considered to be part of the record of conviction. (See *People v. Woodell* (1998) 17 Cal.4th 448, 454-455.) However, as we cautioned in *Woodell*, the probative value of an appellate opinion is case specific, and 'it is certainly correct that an appellate opinion might not supply all answers.' [Citation.] In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.] As the People emphasize, the 'prima facie bar was intentionally and correctly set very low.' [¶] In sum, the parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case for relief under subdivision (c)." (*Lewis, supra,* 11 Cal.5th at p. 972, fn. omitted.)

---

[2] We grant Carlstrom's request for judicial notice of court documents related to his prior appeal. (Evid. Code, §§ 452, subd (d)(1) & 459.)

## DISPOSITION

We reverse the trial court's postjudgment order denying the petition and remand with directions to issue an OSC (§ 1170.95, subd. (c)), and hold a hearing to determine whether to vacate Carlstrom's conviction and to recall his sentence, and resentence him (§ 1170.95, subd. (d)).


O'LEARY, P. J.

WE CONCUR:


MOORE, J.


FYBEL, J.

5